**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

CAROLINE PUELO, by her subrogee,
EMPIRE FIRE and MARINE INSURANCE
COMPANY,

               Plaintiff,

     v.

WHIRLPOOL CORPORATION, SEARS
ROEBUCK & CO., et al.,

             Defendants.

Civil No. 08-925 (RMB)

**OPINION AND ORDER**

    This matter comes before the Court upon its own motion.  On February 20, 2008, Defendants removed this matter to this Court pursuant to 28 U.S.C. § 1441.  The Notice of Removal invoked 28 U.S.C. § 1332 in support of federal diversity jurisdiction.  For purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), the amount in controversy must "exceed[] the sum or value of $75,000, exclusive of interest and costs."

    Defendants, the parties seeking to bring this matter before the Court, bears the burden of proving that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Frederico v. Home Depot, 507 F. 3d 188, 193 (3d Cir. 2007); Samuel-Bassett v. Kia Motors America, Inc., 357 F. 3d 392, 398 (3d Cir. 2004).

1

Factual questions or disputes involving the amount in controversy are to be resolved by the Court under the preponderance of evidence standard.  <u>Frederico</u>, 507 F. 3d at 194 (under the Supreme Court's <u>McNutt</u> standard, the party alleging jurisdiction must "justify his allegation by a preponderance of evidence.") (citing <u>McNutt v. General Motors Acceptance Corp. Of Indiana</u>, 298 U.S. 178 (1936)). <u>See</u> <u>also</u> <u>Samuel Bassett</u>, 357 F.3d at 398.  In other words, a defendant seeking removal must prove to a reasonable probability that jurisdiction exists.

Where the relevant facts as to the amount in controversy are not in dispute or findings have been made, the Court must then apply the legal certainty test established in <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283 (1938). <u>Frederico</u>, 507 F.3d at 194.  Under the <u>Red Cab</u> test, "a case must be dismissed or remanded if it appears to a <u>legal</u> certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000." <u>Id.</u> at 195 (emphasis added) (internal citation and quotations omitted).  In other words, even where the amount in controversy is determined to be in excess of $75,000 under the preponderance of evidence standard, the plaintiff's ability to recover such amount may be legally impossible, rendering remand proper.

Clearly, then, before this Court can engage in the above jurisdictional analysis, it must have all the necessary facts to

2

do so.  Initially, the Court's determination of the amount in
controversy in a removal case "begins with a reading of the
complaint filed in the state court."  Samuel-Bassett v. Kia
Motors America, Inc., 357 F.3d 392, 398 (3d Cir. 2004). "If the
complaint is open-ended and does not allege a specific amount,
the Court must perform an independent appraisal of the value of
the claim by looking at the petition for removal and any other
relevant evidence."  Russ v. Unum Life Insurance Co., 442 F.
Supp. 2d 193, 197 (D.N.J. 2006).  The petition for removal should
supply the necessary relevant facts needed to determine subject
matter jurisdiction.

Despite a court's independent appraisal of the complaint and
removal petition, however, the ultimate burden of showing that
the case is properly before the Court rests with the party
asserting jurisdiction.  Valerio v. Mustabasic, 2007 WL 2769636
at *3 (D.N.J. Sept. 21, 2007).  The Third Circuit has never
absolved the removing party of that burden.  See Frederico, 507
F. 3d at 193 ("[i]t is now settled in this Court that the party
asserting federal jurisdiction in a removal case bears the burden
of showing, at all stages of the litigation, that the case is
properly before the federal court.").

Here, Defendants have provided literally "no evidence from
which the Court may find that the jurisdictional threshold has
been satisfied."  Valerio v. Mustabasoc, 2007 WL 2769636 at *3

3

(D.N.J. Sept. 21, 2007).  The state Complaint reveals little by way of predictable damages and the Notice of Removal only provides conclusory statements that "the amount in controversy exceeds $75,000."  "[A] removing party must provide more than tenuous inferences and assumptions about the amount in controversy to satisfy its burden."  Id. (citing Fosbrenner v. Wal-Mart Stores, 2001 WL 1231761 at *2 (E.D. Pa. Oct. 12, 2001)). In summary, if the Court has to speculate, as the Notice of Removal and Complaint require this Court to do, Defendants have not met their burden.  See Valerio, 2007 WL 2769636 at *3 (citing Kleiss v. Granite Run Mall, 2006 WL 562203 at *3 (E.D. Pa. March 6, 2006)).

Doubts concerning jurisdiction are to be resolved in favor of remand.  Penn v. Wal-Mart Stores, Inc., 116 F. Supp. 2d 557, 561 (D.N.J. 2000) ("[w]henever [] subject-matter jurisdiction is absent, the district court must remand the case to the state court").  Here, the Complaint and Notice of Removal support only speculation that Plaintiffs' claim will exceed the jurisdictional amount, and Defendants have presented no additional evidence to overcome this insufficiency.  Accordingly, because the removing party has failed to demonstrate that this Court has subject matter jurisdiction, this matter will be remanded.  For the reasons set forth herein,

IT IS HEREBY **ORDERED** that this case is **REMANDED** to the

Superior Court of New Jersey, Atlantic County for lack of subject matter jurisdiction.


Dated: February 29, 2008                    s/Renée Marie Bumb
                                            RENÉE MARIE BUMB
                                            United States District Judge